# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN ROSKY,

    Petitioner,

v.

RENEE BAKER, et al.,

    Respondents.

Case No. 3:19-cv-00130-HDM-CBC

**ORDER**

    Petitioner, who is in custody at the Lovelock Correctional Center, has filed a petition for a writ of habeas corpus (ECF No. 1). The petition contains multiple defects. Petitioner will need to file an amended petition on the correct form. Petitioner also will need to show cause why this action should not be dismissed because it is both successive and untimely.

    The court takes judicial notice of petitioner's earlier habeas corpus action, Rosky v. Byrne, Case No. 3:16-cv-00156-MMD-VPC. Petitioner has been convicted in state court of indecent exposure and sexual assault. His appeals and post-conviction petitions in state court ultimately have been unsuccessful. Petitioner then filed Rosky v. Byrne in this court. This court dismissed Rosky v. Byrne as untimely, the United States Court of Appeals for the Ninth Circuit denied a certificate of appealability, and the Supreme Court of the United States denied a petition for a writ of certiorari.

1 | Petitioner filed his petition on a form used for petitions under 28 U.S.C. § 2241. He insists that he is not attacking his judgment of conviction. He further insists that the court treat the petition as under § 2241 and not under any other provision. Petition, at 4-5 (ECF No. 1, at 9-10). However, 28 U.S.C. § 2254(a) states, "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Section 2254(a) does not limit itself to challenges to state-court judgments of conviction. Section 2254(a) encompasses all challenges to custody when that custody is pursuant to a state-court judgment of conviction. Petitioner cannot avoid the application of § 2254, and its associated procedural requirements, simply by saying that he is not challenging the validity of his state-court judgment of conviction. Petitioner will need to file an amended petition on the court's § 2254 form. If petitioner continues to insist that the court not treat his petition as under § 2254, then the court will dismiss the action.

Because this action is under § 2254, petitioner also has two procedural problems. First, this action appears to be an unauthorized second or successive petition under 28 U.S.C. § 2244(b). This court dismissed Rosky v. Byrne as untimely. "[D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of . . . 28 U.S.C. § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Petitioner must first obtain authorization from the court of appeals before this court can consider his petition. 28 U.S.C. § 2244(b)(3). Nothing in the documents that petitioner has filed indicates that he has received such authorization. Petitioner needs to show cause that the court should not dismiss this action as a second or successive petition under 28 U.S.C. § 2244(b).

Second, this action appears to be untimely under 28 U.S.C. § 2244(d)(1). Again, this court dismissed Rosky v. Byrne as untimely, after giving petitioner the opportunity to show cause why that action should not be dismissed. Nothing appears to have changed since the dismissal of Rosky v. Byrne. Petitioner needs to show case that the court should not dismiss this action as untimely under 28 U.S.C. § 2244(d)(1).

1    Petitioner has submitted an application to proceed in forma pauperis. The court denies the
2    application as moot because petitioner paid the filing fee when he commenced this action.
3    IT THEREFORE IS ORDERED that the clerk of the court shall send petitioner a petition
4    for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall
5    have thirty (30) days from the date that this order is entered in which to file an amended petition
6    to correct the noted deficiencies. Neither the foregoing deadline nor any extension thereof
7    signifies or will signify any implied finding of a basis for tolling during the time period
8    established. Petitioner at all times remains responsible for calculating the running of the federal
9    limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims. Failure to comply
10   with this order will result in the dismissal of this action.
11   IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition as
12   such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas
13   Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the case
14   number, 3:19-cv-00130-HDM-CBC, above the word "AMENDED."
15   IT FURTHER IS ORDERED that petitioner will have thirty (30) days from the date of
16   entry of this order to show cause why the court should not dismiss this action both because it is an
17   unauthorized second or successive petition under 28 U.S.C. § 2244(b) and because it is untimely
18   under 28 U.S.C. § 2244(d)(1).
19   IT FURTHER IS ORDERED that the clerk of the court file the application to proceed in
20   forma pauperis.
21   IT FURTHER IS ORDERED that the application to proceed in forma pauperis is
22   **DENIED** as moot.
23   IT FURTHER IS ORDERED that the clerk shall add Aaron Ford, Attorney General for
24   the State of Nevada, as counsel for respondents.
25   ///
26   ///
27   ///
28   ///

IT FURTHER IS ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED: June 25, 2019

_____
HOWARD D. MCKIBBEN
United States District Judge