# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN ROSKY, | Case No. 3:19-cv-00130-HDM-CBC |
| Petitioner, | **ORDER** |
| v. | |
| RENEE BAKER, et al., | |
| Respondents. | |

The court ordered petitioner to file an amended petition on the court's form for a habeas corpus petition under 28 U.S.C. § 2254. The court also ordered petitioner to show cause why the court should not dismiss the petition as an unauthorized successive petition under 28 U.S.C. § 2244(b) and as an untimely petition under 28 U.S.C. § 2244(d). ECF No. 3. Petitioner has filed a motion to reconsider (ECF No. 6), respondents have filed an opposition (ECF No. 7), and petitioner has filed a reply (ECF No. 8).

The court noted that petitioner must proceed under 28 U.S.C. § 2254 because he is in custody pursuant to a judgment of conviction of a state court, regardless of whether he is challenging the validity of the judgment of conviction. Petitioner contests that. Respondents have quoted a decision of the court of appeals that clarifies the issue:

> As the Eleventh Circuit has explained, "Section 2254 presumes that federal courts already have the authority to issue the writ of habeas corpus to a state prisoner. . . . [I]t is not itself a grant of habeas authority, let alone a discrete and independent

1

> source of post-conviction relief." Medberry v. Crosby, 351 F.3d 1049, 1059-60 (11th Cir.2003); see also id. at 1056-58 (explaining the evolution of § 2254). Instead, it is § 2241 that provides generally for the granting of writs of habeas corpus by federal courts, implementing "the general grant of habeas authority provided by the Constitution." White v. Lambert, 370 F.3d 1002, 1006 (9th Cir.), cert. denied, 543 U.S. 991, 125 S. Ct. 503, 160 L.Ed.2d 379 (2004). In turn, § 2254(d), like other subsections of § 2254, implements and limits the authority granted in § 2241 for "a person in custody pursuant to the judgment of a State court." § 2254(a). See White, 370 F.3d at 1008 ("[Section] 2254 is properly seen as a limitation on the general grant of habeas authority in § 2241."); see also Felker v. Turpin, 518 U.S. 651, 662, 116 S. Ct. 2333, 135 L.Ed.2d 827 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254. . . ."). Just as, for example, § 2254(b) restricts our underlying § 2241 and constitutional authority by creating an exhaustion requirement, § 2254(d) establishes certain kinds of state court error as a predicate to habeas relief "with respect to any claim that was adjudicated on the merits in State court."

Frantz v. Hazey, 533 F.3d 724, 735-36 (9th Cir. 2008) (en banc). Petitioner is correct that 28 U.S.C. § 2241 is the general grant of authority to issue a writ of habeas corpus, and that 28 U.S.C. § 2254 itself is not a grant of authority to issue a writ of habeas corpus. However, that changes nothing for petitioner. Section 2254 implements and limits § 2241's grant of authority for a person who is in custody under a state-court judgment of conviction, which petitioner is. One limitation is the restriction on second or successive petitions under 28 U.S.C. § 2244(b). Another limitation is the one-year period of limitation under 28 U.S.C. § 2244(d).

For petitioner, there is no petition under § 2241 that is free from the implementation and limitations of § 2254, including the restrictions against second or successive petitions and the one-year period of limitation. Because § 2254 applies to petitioner, he must file a petition on the court's form prescribed by Local Rule LSR 3-1 and Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts. Also, because § 2254 applies to petitioner, he must show cause why the court should not dismiss this action as an unauthorized second or successive petition under 28 U.S.C. § 2244(b), and he must show cause why the court should not dismiss this action as untimely under 28 U.S.C. § 2244(d).

IT THEREFORE IS ORDERED that petitioner's motion to reconsider (ECF No. 6) is **DENIED**.

///

///

1    IT FURTHER IS ORDERED that petitioner will have twenty-eight (28) days from the
2    date of entry of this order to comply with all the requirements of the court's order of June 25,
3    2019 (ECF No. 3). Failure to comply will result in the dismissal of this action.
4    DATED: August 7, 2019

_____
HOWARD D. MCKIBBEN
United States District Judge