# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN ROSKY, | Case No. 3:19-cv-00130-HDM-CBC |
| Petitioner, | **ORDER** |
| v. | |
| RENEE BAKER, et al., | |
| Respondents. | |

The court directed petitioner to show cause why this action should not be dismissed as a successive petition under 28 U.S.C. § 2244(b) or as an untimely petition under 28 U.S.C. § 2244(d). Petitioner has filed a response. The court finds that this is a successive petition.

Petitioner repeats his argument that this is a petition under 28 U.S.C. § 2241. The court rejects that argument for the same reasons that the court gave in its earlier orders. ECF No. 3, 9.

Petitioner states that he filed a petition with the Nevada Supreme Court under that court's original jurisdiction. Petitioner also states that the Nevada Supreme Court was capable of modifying the judgment of conviction. Petitioner appears to try to take advantage of <u>Magwood v. Patterson</u>, 561 U.S. 320 (2010), which held that a federal habeas corpus petition is not a second or successive petition within the meaning of 28 U.S.C. § 2244(d) if the state court entered a new judgment of conviction after the conclusion of the earlier federal habeas corpus petition. See also <u>Wentzell v. Neven</u>, 674 F.3d 1124 (9th Cir. 2012). However, as petitioner himself notes, the

Nevada Supreme Court denied his petition and did not modify his judgment. ECF No. 12, at 3. No intervening judgment of conviction exists, and this action is second or successive to Rosky v. Byrne, Case No. 3:16-cv-00156-MMD-VPC.

Petitioner asks the court for a certificate of appealability. Under the circumstances, the court will refer the action the court of appeals under Circuit Rule 22-3(a).

Because the court has found that this action is a second or successive habeas corpus petition, the court will not address whether the action is untimely.

IT THEREFORE IS ORDERED that, pursuant to Circuit Rule 22-3(a), the clerk of the court shall refer this action to the United States Court of Appeals for the Ninth Circuit.

IT FURTHER IS ORDERED that the clerk of the court shall administratively close this action.

DATED: October 9th, 2019.

_____
HOWARD D. MCKIBBEN
United States District Judge